**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| Katelyn Gillis, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. |
| | )   16-10497-NMG |
| Lowell Health Care Center, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from allegations that plaintiff's former employer retaliated against her, wrongfully terminated her from her position and failed to pay her wages and vacation pay. Pending before the Court what defendant has entitled a "partial motion to dismiss Counts III and IV of the amended complaint" but, because this Court does not recognize the partiality of a motion any more than it does the partiality of an elephant, it will treat defendant's pleading as a motion to dismiss, in part, i.e. Counts III and IV of the amended complaint. For the reasons that follow the motion will be allowed, in part, and denied, in part.

-1-

I.    **Background**

   **A. Factual Background**

   Katelyn Gillis ("plaintiff") is a resident of Burlington, Massachusetts and was employed by defendant as a "clinical therapist" from March 26, 2014 to July 29, 2015.

   19 Varnum Street Operating Company, LLC d/b/a Lowell Health Care Center ("defendant") operates a health care center at 19 Varnum Street in Lowell, MA.  Defendant is a limited liability company organized under the laws of the State of Delaware, with a principal place of business in Fort Lee, New Jersey.  As of the filing of the complaint, defendant had no members who were residents of Massachusetts.

   The facts as alleged in plaintiff's amended complaint are as follows:

   On or about July 27, 2015, the Massachusetts Department of Health investigated the death of a patient and conducted an on-site survey at defendant's facilities where plaintiff was employed.  At around 12:40 PM, plaintiff's supervisor, Karl Wolf ("Wolf"), said that he would find "coverage" so that plaintiff could take a lunch break.  Plaintiff informed Wolf that another co-worker would be relieving her of her duties at around 1:00 PM and that plaintiff would take her break at that time.

At about 1:30 PM, one of plaintiff's co-workers relieved
her of her duties, at which time plaintiff took her lunch break.
Shortly thereafter, Gerald Labelle ("Labelle"), an interim
administrator, encountered plaintiff and asked her what she was
doing.  Plaintiff replied that she was on her lunch break, at
which point Labelle raised his voice and told her to "punch
out."  When plaintiff asked if there was a problem, Labelle
repeated himself and told plaintiff to leave the facility
immediately.  Another employee arrived and escorted plaintiff
out of the building.

The next day, plaintiff wrote an email to Andrea Smith of
the Human Resources department detailing the interaction.  On
July 29, 2015, Labelle forwarded a letter to plaintiff stating
that her position had been terminated, effective immediately.
Defendant provided plaintiff with a "payroll card" which
purportedly contained plaintiff's final pay check and accrued
vacation pay.  When plaintiff attempted to withdraw those funds,
however, she learned that the card contained "a zero balance."

**B. Procedural History**

In January, 2016, plaintiff filed a three-count complaint
in the Massachusetts Superior Court for Middlesex County
alleging 1) failure to pay wages, 2) failure to pay vacation pay
and 3) retaliation.  In March, 2016, defendant timely removed

-3-

the case to this Court on diversity grounds pursuant to

28 U.S.C. § 1332.

Plaintiff filed an amended complaint in March, 2016, which

stated that the retaliation claim was being brought pursuant to

M.G.L. c. 149 § 148A, and added a fourth count alleging wrongful

discharge under the common law.

In April, 2016, defendant filed the motion to dismiss

Counts III and IV of the amended complaint now before the Court.

## II.  <u>Motion to Dismiss</u>

### A. **Legal Standard**

To survive a motion to dismiss, a complaint must set forth

sufficient factual matter to "state a claim to relief that is

plausible on its face." <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S.

544, 570 (2007).  In deciding a motion to dismiss, the Court

accepts all factual allegations in the complaint as true and

draws all reasonable inferences in plaintiff's favor, but need

not accept the veracity of any legal conclusions. <u>Ashcroft</u> v.

<u>Iqbal</u>, 556 U.S. 662, 664 (2009); <u>Langadinos</u> v. <u>Am. Airlines,</u>

<u>Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000).  Threadbare recitations

of the elements of a cause of action, followed by conclusory

statements that they happened, are not factual allegations which

the Court must take as true. <u>Iqbal</u>, 556 U.S. at 678.  Such

statements are merely legal conclusions couched as facts. <u>Id.</u>  A

-4-

complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than "the mere possibility of misconduct." Id. at 679.  In other words, dismissal is warranted if the facts alleged fall short of "possess[ing] enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008).

### B. Application

#### 1. Count III:  Retaliation

Count III of plaintiff's amended complaint sets forth a claim for retaliation under M.G.L. c. 149, § 148A ("the retaliation statute"), which affords protection against retaliation for employees who attempt to exercise their rights under the wages and hour provisions of Chapter 149. See generally Smith v. Winter Place, 447 Mass. 363 (2006).  Here, plaintiff alleges that defendant terminated her because she "complained that she had not been given a meal break" pursuant to her rights under by M.G.L. c. 149, § 100 ("the meal break statute").

The starting point for the Court's analysis of plaintiff's retaliation claim is the plain language of the statute. See Simon v. State Examiners of Electricians, 395 Mass. 238, 242 (1985).  Section 148A provides that

-5-

> [n]o employee shall be penalized by an employer in any way
> as a result of any action on the part of the employee to
> seek his or her rights under the wages and hours provisions
> of this chapter.

The issue is whether the facts alleged create a plausible inference that plaintiff 1) took an "action" to "seek . . . her rights under the wages and hours provisions" of Chapter 149 and 2) was penalized because of that action.

An "action to seek" such rights "readily" includes making a complaint to an employer or manager when the employee reasonably believes that her rights under the wage and hour provisions of Chapter 149 were violated. See Smith, 447 Mass. at 367. Furthermore, termination of employment is the "quintessential example" of the kind of penalization against which the retaliation statute is meant to protect. See Dorney v. Pindrop Sec., Inc., 15-cv-11505-ADB, 2015 WL 5680333, at *5 (D. Mass. Sept. 25, 2015) (citing Mogilevsky v. Wellbridge Club Mgmt., Inc., 905 F. Supp. 2d 405, 412 (D. Mass. 2012)).

Plaintiff asserts that 1) her July 27, 2015 email to Human Resources constitutes a "complaint" that she was deprived of her right to a meal break and 2) she was terminated as a result of that complaint.  Leaving to one side the question of whether the email to Human Resources was, in fact, the cause of plaintiff's termination, the Court accepts the following allegations as

true:  a) plaintiff's supervisor, Labelle, prevented her from taking a meal break and demanded that she leave the facility; b) plaintiff sent an email to Human Resources about the incident; and c) plaintiff was terminated the next day.

Defendant argues that plaintiff's retaliation claim fails because her July 27, 2016 email to Human Resources cannot reasonably be considered a "complaint" and thus plaintiff did not take "any action" to seek her rights as required by § 148A.

The Court disagrees.  Despite defendant's arguments to the contrary, the Court finds that plaintiff's July 27, 2015 email contains language that is archetypical of an employee "complaint" to a manager.  See Robert Reiser & Co. v. Scriven, 130 F. Supp. 3d 488, 497 (D. Mass. 2015) (finding "concerns" expressed by employee regarding overtime pay sufficient to constitute a "complaint" under § 148A).  In her email to Human Resources, plaintiff details the incident wherein Labelle allegedly prevented her from taking her meal break and explains that 1) she was "yelled at several times," 2) it was "extremely humiliating to be escorted out of the building" and 3) "the amount of stress inflicted" by defendant on plaintiff is "completely unnecessary and a serious risk to [plaintiff's] unborn child."  In order to take "any action to seek her rights" an employee need not make a formal complaint or set forth

-7-

statements comprised of particular phraseology, and the Court rejects defendant's argument that the email at issue cannot be considered a "complaint" as such.  See id.

Defendant proffers two other arguments in support of dismissal for failure to state a claim for retaliation, both of which the Court finds unavailing.  Defendant first argues that because plaintiff did not "ask for" or "inquire" as to whether she could take a meal break, she did not "seek" that legally protected right.  However, the claim that plaintiff did not ask for a meal break is wholly irrelevant to the Court's determination as to whether she "took any action" to seek that right. See § 148A.  Indeed, as the Court has already stated, The Massachusetts Supreme Judicial Court has held that a complaint from an employee who reasonably believes that her rights have been violated "readily qualifies" as "any action" to seek such rights. See Smith, 447 Mass. at 367.  Because the Court finds that the facts alleged indicate that plaintiff did indeed submit a complaint, it need not address defendant's analysis of the verb "to seek."

Defendant's final argument is that, in any event, plaintiff could not have entertained a "reasonable belief" defendant violated the meal break statute, M.G.L. c. 149 § 100.  That statute provides that

> [n]o person shall be required to work more than six hours
> during a calendar day without an interval of at least
> thirty minutes for a meal.

Defendant proclaims that at the time of the alleged confrontation with her supervisor, plaintiff had only worked five hours and 35 minutes, which falls short of the hours required for plaintiff to be legally entitled to a meal break.

The Court need not resolve the statutory issue raised by defendant's argument.  Regardless of whether the legislature intended to require employees to work a minimum of six hours before accruing a legally protectable interest in a meal break, the facts as pled, especially given that plaintiff was only 25 minutes short of reaching the "six hour mark," create at least a plausible inference that plaintiff's belief that her right to a meal break had been violated was reasonable.  In order for an employee's complaint to qualify as "any action to seek" a protected right, the law does not require an accurate or technically precise belief, but only a reasonable belief that said right was violated. See Smith, 447 Mass. at 367.

Accepting plaintiff's purely factual allegations as true and drawing all reasonable inferences in her favor, the Court finds that the amended complaint sets forth a plausible claim of retaliation under the Massachusetts Wage Act.  See Twombly, 550 U.S. at 569.  At the very least, plaintiff has pled facts

sufficient to nudge her retaliation claim "across the line from conceivable to plausible." See id. at 570.

### 2.  Count IV:  Wrongful Discharge

Count IV of the amended complaint seeks redress under the common law doctrine which protects employees from being "wrongfully terminated in violation of public policy." See Fauci v. Genentech, No. 06-10061-RGS, 2007 WL 3020191, at *4 (D. Mass. Oct. 12, 2007).  Massachusetts courts recognize that one exception to the general principle that an employer can terminate an "at-will" employee for any or no reason applies when an employee is terminated "contrary to a well-defined public policy." Id.

Defendant argues that plaintiff's wrongful discharge claim is precluded by the statutory remedy for retaliation explicitly provided by the legislature in § 148A.  The Court agrees.

Under Massachusetts law, a statute providing a remedial scheme to vindicate a recognized public policy (in this case, § 148A) precludes a common law wrongful discharge claim based upon the same public policy. See Fauci, 2007 WL 3020191 at *4. As another session of this Court has found:

> [T]he Massachusetts courts have developed a logical
> preference that plaintiffs relying on a public policy
> already codified in a particular statute follow the
> procedures set forth in the statute, but only if the
> statutory remedies are comprehensive and adequate.

Id. (citing Briones v. Ashland, Inc., 164 F. Supp. 2d 228, 230 (D. Mass. 2001)).

Massachusetts courts have routinely cited § 148A as an example of a statute that sets forth a "comprehensive and adequate" remedy for employer retaliation such that related wrongful discharge claims under the common law are precluded. See Mello v. Stop & Shop Cos., 402 Mass. 555, 557 n.2 (1988); see also Lohnes v. Raytheon Co., No. MICV201304996, 2014 WL 2504580, at *2-3 (Mass. Super. Ct. May 19, 2014) (finding that the adequate statutory remedy provided by § 148A nullifies the need for the common law tort of wrongful discharge to protect the public policy embodied by the statute).

In response to defendant's argument that the wrongful discharge claim is precluded by an existing remedial statutory scheme, plaintiff points to Robert Reiser & Co. v. Scriven, in which Judge Saylor allowed a retaliation claim under § 148A and a related common law claim to survive the motion to dismiss stage. 130 F. Supp. 3d 488, 497 (D. Mass. 2013).  In that case, however, the court was not faced with the specific argument that defendant makes here regarding statutory preclusion and thus, this Court is not convinced that plaintiff's citation to the Scriven holding is sufficiently supportive of her contention.

-11-

Indeed, the fact that the <u>Scriven</u> court was not required to address the question of statutory preclusion, coupled with the fact that Massachusetts state courts have consistently held that § 148A provides an adequate and comprehensive remedy for retaliation, compels this Court to agree with defendant's contention that plaintiff's common law wrongful discharge claim is duplicative and unnecessary.

Because § 148A provides plaintiff with a comprehensive and adequate remedy for defendant's alleged retaliation, plaintiff's wrongful discharge claim is barred and will be dismissed.

## ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 12) is, with respect to, Count IV, **ALLOWED**, but with respect to Count III, **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated July 29, 2016